## Delaware Co. & Phila. Electric Ry. Co. *v.* Phila., Edwin S. Stuart, Mayor, James H. Windrim, Director of Public Works, and John B. Reilly, Contractor, Appellants.

[Marked to be reported.]

*Electric railways—Equity—Jurisdiction.*

A court of equity has jurisdiction to entertain a bill in equity against a municipality situated in another county to restrain the removal of railroad tracks on a bridge in the county in which the bill is filed, where it appears that the officer of the municipality who gave the order for the removal, and the contractor who received the order, are both named as parties defendants in the bill.

In such case, a preliminary injunction will be granted to restrain the removal, by force, of the tracks laid on the part of the bridge within the county in which the bill is filed, although it appears that the bridge is a joint structure, the cost of which was defrayed equally by the city and the county.

It seems, although not decided, that the consent of the supervisors of the township and of the commissioners of the county could confer a lawful authority upon the railroad company to lay its tracks on so much of the highway as to include that part of the bridge which was situated in the county.

*Assignments of error—Equity—Oral testimony—Practice.*

The Supreme Court will not consider an assignment of error to the refusal of the court below to hear oral testimony in an equity case, where no exception is taken to such refusal.

Argued Oct. 10, 1894. Appeal, No. 112, July T., 1894, by defendants, from decree of C. P. Delaware Co., March T., 1894, No. 2, on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Bill for injunction to restrain removal of railroad tracks from bridge.    Before CLAYTON, P. J.

The bill averred that plaintiff was a corporation organized under the act of May 14, 1889, to build a street railway, to be operated by electricity, from Cobb's creek along the Baltimore turnpike to the Springfield road in Clifton Heights borough.

That, on March 21, 1893, as required by said act, it obtained the consent of the supervisors of the township of Darby to construct its road along said turnpike, in said township, from the middle of Cobb's creek aforesaid, west to the line of Upper Darby township.    That there is a bridge across Cobb's creek at the point where the turnpike crosses the creek, which bridge is partly in the county of Delaware and partly in the city and county of Philadelphia.    That on Sept. 4, 1893, defendant company obtained the permission and consent of the commissioners of Delaware county to lay its rails, ties and wires along and over so much of said bridge as lies within the county of Delaware.

That, under and by virtue of its charter and the authority and consent of the supervisors and commissioners, it has constructed and built its road along said turnpike and has also laid its rails, ties and wires on so much of said bridge as lies within the county of Delaware.

That the company has received notice that the city of Philadelphia, acting by James H. Windrim, director of public works of said city, is about to remove the tracks, rails and wires of the company from said bridge, and has ordered the said John B. Reilly, the contractor who built said bridge, to remove the said tracks, rails and wires from said bridge.

The bill prayed for an injunction.

Defendants in their answer averred that the bridge over Cobb's creek was being jointly built by the city of Philadelphia and Delaware county, and that plaintiff had no right or authority to lay tracks upon the bridge without the consent of the city of Philadelphia as well as of the commissioners of the county of Delaware.

The court granted a preliminary injunction for five days, which, on Dec. 2, 1893, it continued until further order; on April 6. 1894, continued for ten days, and on April 16, 1894, continued until further order.

*Errors assigned* were (1) in assuming jurisdiction against the city of Philadelphia, a municipality outside of the county of Delaware; (2) in assuming jurisdiction against Edwin S. Stuart, Mayor, and James H. Windrim, Director of the Department of Public Works, officials of the city of Philadelphia, a municipality not within the jurisdiction of the county of Delaware; (3) in refusing at the hearing on April 16, 1884, to hear the evidence orally, as required by the amendments to the equity rules; (4–7) above orders, quoting them; (8) in not refusing injunction and dismissing bill.

*James Alcorn,* assistant city solicitor, *Charles F. Warwick,* city solicitor, with him, for appellant.—A public municipality can only be sued in the courts of the county where it is situated: Lehigh Co. v. Kleckner, 5 W. & S. 181; Oil City v. McAboy, 74 Pa. 249; Potts v. Pittsburg, 14 W. N. 38; Heckscher v. Phila., 20 W. N. 52.

Plaintiff, by its bill filed, appears to have been authorized to build a street railway from Cobb's creek to the Springfield road, in Clifton Heights borough. This does not give it authority to go to the middle of Cobb's creek. There is no authority under the law for the company to occupy a county bridge: Venango Co. Comrs. v. Ry., 3 Dist. R. 546.

The bridge over Cobb's creek was constructed by the city of Philadelphia and the county of Delaware, each paying one half of the cost thereof. It crossed the creek, which is the boundary line between the counties of Philadelphia and Delaware. Both counties are required to keep the bridge in repair. The bridge forms part of the highway of the commonwealth, and neither county can claim ownership or right to a divided half thereof.

The privilege of using the bridge and the making of the necessary regulations for using the same should be made jointly by said counties: Acts of April 21, 1855, § 10, P. L. 266; April 23, 1864, P. L. 550.

*J. B. Hannum,* for appellee.—If a municipality, by its officers and agents and employees, attempts to do a thing which is contrary to equity in a county in which it is not situate, certainly the court of the county in which the wrong is about to be done has jurisdiction to restrain it.

The local authorities of a township who give consent as provided by the constitution and the act of May 4, 1889, P. L. 87, are the supervisors: Hain v. Ry., 1 Dist. R. 452; Gillette v. Ry., 2 Dist. R. 450.

Plaintiff has obtained the consent of the supervisors of Darby township, and has, by virtue of its charter and the consent of the supervisors, the right to go to the middle of Cobb's creek. The bridge in question is a part of the public highway: Rapho Twp. v. Moore, 68 Pa. 404; Newlin Twp. v. Davis, 77 Pa. 317; Millvale Boro. v. Ry., 131 Pa. 23.

OPINION BY MR. JUSTICE GREEN, Oct. 22, 1894:

This is an appeal from an order of the court below continuing, until further notice, a preliminary injunction previously granted to restrain the defendants from tearing up, and removing, the ties, rails and wires of the plaintiff's electric railway tracks laid upon so much of the bridge over Cobb's creek as was within the county of Delaware. The allegation of the bill is that the railway track was laid by permission of the supervisors of Upper Darby township from the middle of Cobb's creek over roads in that township to the western line of the township, and also that the permission of the commissioners of Delaware county had been obtained to lay its rails, ties and wires over so much of the bridge as lies within the county of Delaware. The injunction was asked for because Mr. Windrim, director of the department of public works in the city of Philadelphia, had given notice in writing to Mr. John B. Reilly, the contractor who built the bridge, to remove the tracks from the bridge, and Mr. Reilly had shown this notice to the plaintiff and had informed the plaintiff that he would be obliged to remove the tracks from the bridge.

In the paper-book of the appellant a question is raised as to the jurisdiction of the court of Delaware county to proceed against the city of Philadelphia in that county, on the ground that the city could only be sued in the courts of Philadelphia county. The question is of no consequence because both Mr. Windrim who gave the order, and Mr. Reilly who was to execute it, are defendants and are individual persons only, and are, of course, subject to the jurisdiction of the courts of Delaware county to prevent the commission, within that county, of any acts of trespass.

The third assignment of error alleges that the court below refused, at the hearing on April 16, 1894, to hear oral evidence offered by the defendants. We are unable to find anything on the record to support this assignment, and no exception was taken to such refusal.

The remaining assignments raise only the question of the right of the plaintiff to lay its rails, ties and wires on the bridge, and assert that the city never had granted permission to that effect. To this the plaintiff replies that they did not lay any part of their structure east of the county line on the bridge but only up to the county line, which, the plaintiff says, runs through the middle of Cobb's creek and therefore across the middle of the bridge. As the bill does not ask for an injunction except as to that part of the bridge which lies within Delaware county, no question can arise as to the part lying within the city limits. Some contention is made that the bridge is a joint structure, because the cost of its erection was defrayed equally by the city and the county, and therefore the city had a concurrent jurisdiction over the whole of the bridge and hence its consent must be obtained. Whatever may be the merits of such a contention, it cannot affect the physical fact that one half of the bridge is located within the territorial limits of Delaware county, and is therefore subject to the jurisdiction of the courts of that county. The tearing up and removing the ties and rails of a railway track, without authority of law, is an act of violence and force, which we have refused to sanction in other cases and cannot permit in this : Easton etc. Pass. R'w'y Co. v. City of Easton, 133 Pa. 505. We see no reason for interfering with the injunction already issued, and decline to do so. We are not prepared to hold that the consent of the supervisors of Darby township, and of the commissioners of Delaware county, could not confer a lawful authority upon the plaintiff to lay its tracks on so much of the highway as to include that part of this bridge which lies in Delaware county. We will certainly not decide so now.

The decree of the court below is affirmed, and appeal dismissed at the cost of the appellants.